United States Court of Appeals

For the Eighth Circuit

_____

No. 21-3144

_____

United States of America,

*Plaintiff - Appellee*,

v.

William Wasmer,

*Defendant - Appellant*.

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 13, 2022
Filed: August 8, 2022
[Unpublished]

_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

William Wasmer pleaded guilty to unlawful possession of a firearm as a previously convicted felon. The district court* sentenced Wasmer to fifty-seven

---

*The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri, adopting the second report and recommendation of the

months' imprisonment. On appeal, Wasmer challenges a ruling of the district court to reopen a hearing on his motion to suppress evidence. We conclude that there was no error, and therefore affirm the judgment.

In May 2019, officers saw Wasmer driving a truck without a front license plate and with a rear license plate registered to a different vehicle. The officers decided to stop Wasmer for a traffic violation, circled the block, and found the truck parked outside a store. They located Wasmer inside the store and asked him to come outside to speak with them. Outside the store, the officers handcuffed Wasmer and asked him for identifying information. Wasmer identified himself and told the officers that he was carrying a firearm. The officers took Wasmer's gun and ran a computerized check on his identification. The check revealed that Wasmer's driver's license was suspended, so the officers arrested him for driving with a suspended license.

After authorities reviewed Wasmer's criminal history, a grand jury charged Wasmer with unlawful possession of a firearm as a felon. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). Wasmer moved to suppress the firearm as the fruit of an unreasonable seizure under the Fourth Amendment. He argued that the officers unreasonably seized him when they placed him in handcuffs outside the store without reasonable suspicion that he was armed, dangerous, or attempting to flee. After an evidentiary hearing, a magistrate judge concluded that the seizure was unlawful, but that the firearm should not be suppressed. The judge determined that the officers would have found the gun incident to Wasmer's arrest for driving with a suspended license, so the evidence was admissible under the inevitable discovery doctrine. *See Nix v. Williams*, 467 U.S. 431 (1984).

---

Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri.

Wasmer objected to the magistrate judge's report and recommendation.  He argued that the officers would not have arrested him for driving with a suspended license alone, so the firearm would not have been discovered without the unlawful seizure.  The district court did not resolve the matter, but directed the magistrate judge to make supplemental findings of fact on the issue, with or without a reopened evidentiary hearing.  The magistrate judge conducted a second, limited evidentiary hearing and concluded that it was more likely than not that the officers would have arrested Wasmer for driving with a suspended license even if they had been unaware of the firearm.  The magistrate judge again recommended that Wasmer's motion to suppress be denied.

The district court adopted the magistrate judge's second report and recommendation and denied the motion to suppress.  Wasmer asked the court to reconsider the denial, arguing that the magistrate judge erred by conducting a second evidentiary hearing.  The court denied Wasmer's motion to reconsider.  Wasmer entered a conditional guilty plea, reserving the right to challenge the denial of his motion to suppress.  *See* Fed. R. Crim. P. 11(a)(2).

On appeal, Wasmer argues that the district court erred by permitting the magistrate judge to conduct a second evidentiary hearing.  He contends that the government should not have been allowed to introduce additional evidence that was available during the first hearing.  We review the decision to reopen a suppression hearing for abuse of discretion. *United States v. Hayden*, 759 F.3d 842, 845 (8th Cir. 2014).

A district court's review of a report and recommendation on a motion to suppress is governed by 28 U.S.C. § 636(b)(1).  Section 636(b)(1) permits the court to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and allows the court to "receive further evidence or recommit the matter to the magistrate judge with instructions."  Under § 636(b)(1),

"the district court has discretion to receive new evidence without any special justification while conducting *de novo* review of a magistrate judge's report and recommendation." *Hayden*, 759 F.3d at 846. The magistrate judge likewise may receive new evidence without any special justification before presenting her final report and recommendation. *Id.*

In conducting its *de novo* review, the district court could have held its own evidentiary hearing to determine whether the officers would have arrested Wasmer based solely on his driving with a suspended license. The court also could have recommitted the matter to the magistrate judge with instructions to reopen the suppression hearing for additional testimony on the issue. The magistrate judge could have elected to hold an evidentiary hearing—without any special justification or prompting by the district court—before presenting her second report and recommendation. It follows *a fortiori* that the district court did not abuse its discretion by expressly permitting the magistrate judge to decide whether to reopen the suppression hearing on remand or by accepting the decision to reopen the hearing without any special justification.

The judgment of the district court is affirmed.

_____